UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC E. FLENTOIL,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY DEPT. OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No. 18-cv-03486-EMC<br><br>**ORDER**<br><br>Docket Nos. 39, 41, 42 |

Plaintiff has filed a third request for appointment of counsel. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Exceptional circumstances are not present in this action: Mr. Flentoil was able to articulate his claims adequately and there do not appear to be complex issues involved. Additionally, the medical and jail records submitted by Defendants now indicate there is a low likelihood of success on the merits. Mr. Flentoil's third request for appointment of counsel to represent him in this action is **DENIED**. Docket No. 39.

The order of service stated that, if Defendants filed a motion for summary judgment, they "must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012)." Docket No. 25 at 6; *see Rand v. Rowland*, 154 F.3d 934, 939 (9th Cir. 2012). Defendants' motion for summary judgment was not accompanied by a proper *Rand* notice. Although paragraphs in the motion (*see*

1 Docket No. 41 at 3) include the information required by *Rand*, that does not fully satisfy *Rand* because *Rand* also requires that the notice "be in a *separate form* that the plaintiff will recognize as given pursuant to the court's requirement. It may not be provided within the summary judgment motion or in the papers ordinarily filed in support of the motion." *Rand*, 154 F.3d at 960 (emphasis added). Meticulous compliance with the *Rand* notice requirement is necessary. The failure to comply with the *Rand* and *Woods* notice requirement can be a quick route to reversal if a motion for summary judgment is granted. *See, e.g., Nelson v. Peck*, 2016 WL 6892509 (9th Cir. Nov. 23, 2016) (provision of *Rand* notice at outset of case but not concurrently with the motion for summary judgment was reversible error). To avoid the possibility of such a reversal, Defendants' motion for summary judgment (Docket No. 41) is **DENIED** for failure to provide the *Rand* notice in a separate document. The denial of the motion for summary judgment is without prejudice to Defendants filing a new motion for summary judgment that is accompanied by a *Rand* notice that is in a separate document labelled something to the effect of "*Rand* Notice To Plaintiff Regarding Summary Judgment Opposition."

The Court now sets the following briefing schedule for the new motion for summary judgment: Defendants must file and serve a new motion for summary judgment with a *Rand* notice no later than **June 7, 2019**. Plaintiff must file and serve his opposition to the new motion for summary judgment no later than **July 5, 2019**. Defendants must file and serve their reply (if any) no later than **July 26, 2019**.

Plaintiff's request for an extension of the deadline to file his opposition to the motion for summary judgment is **GRANTED**. Docket No. 42. Under the briefing schedule set in the preceding paragraph, Plaintiff will have until July 5, 2019 to prepare his opposition.

///
///
///
///
///
///

Finally, the Court notes that Defendants state in their motion for summary judgment that gabapentin is an opioid. *See* Docket No. 41 at 9 n.1. In their new motion for summary judgment, they should provide evidentiary support for that statement or change the wording of the footnote.

**IT IS SO ORDERED**.

Dated: May 24, 2019

_____
EDWARD M. CHEN
United States District Judge